UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY EUGENE LEWIS,<br><br>                    Plaintiff,<br><br>    v.<br><br>KING COUNTY, *et al.*,<br><br>                    Defendants. | CASE NO. C19-1295-MJP-MAT<br><br>REPORT AND RECOMMENDATION |

Plaintiff Anthony Eugene Lewis is currently confined at the King County Jail in Seattle, Washington. He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis* ("IFP"). (Dkts. 1, 1-1.) Plaintiff also submitted with his complaint a motion requesting a preliminary injunction and appointment of counsel, and a "motion" explaining why he should be permitted to proceed with this action *in forma pauperis*. (Dkts. 1-3, 1-4.) Since the submission of his complaint, plaintiff has filed a number of additional motions seeking to add claims and seeking injunctive relief. (*See* Dkts. 5, 6, 7, 8, 9.)

Plaintiff's complaint is somewhat difficult to comprehend. However, he appears to assert that this Court violated his First Amendment rights to petition the government for redress of

REPORT AND RECOMMENDATION
PAGE - 1

grievances when it denied him *in forma pauperis* status in three previous actions, C18-1798-RSM, C19-797-JCC, and C19-878-MLP.[1] (*See* Dkt. 1-1 at 4, 6, 7.) Plaintiff also asserts in his complaint that (1) he was denied his Sixth Amendment right to counsel in his ongoing King County Superior Court criminal proceedings; (2) City of Seattle police tased him, "astral/raped" him, authorized an illegal blood draw, and conducted an unlawful *Terry* stop in February 2019; (3) City of Seattle police "astral/sexually/assaulted" him in October 2018; (4) City of Seattle police conducted an unlawful *Terry* stop in November 2017; (5) he slipped and fell in a Walmart store in January 2019 causing him painful injuries; (6) Harborview Hospital stole samples of his blood; (7) the King County Jail "tricked" him into talking to a police detective in August 1991; and, (8) King County denied him an evidentiary hearing before denying a motion to dismiss charges filed against him in 1991. (*See id*. at 4-13.)

Plaintiff identifies King County, the United States District Court, the City of Seattle, Walmart, and Harborview Hospital as defendants in his complaint. (*Id*. at 2, 3.) In the relief portion of his complaint, plaintiff requests temporary release from his lifetime sex offender registration requirement, temporary release from the King County Jail or dismissal of his pending charges, installation of a shower curtain in his unit at the King County Jail, an evidentiary hearing related to his pending criminal action, damages, and assignment of an "extra sensory perceptive" examiner. (*Id*. at 14.)

In his subsequent submissions, plaintiff complains about his involuntary commitment to Western State Hospital ("WSH") for competency restoration, ongoing "astral/sexual/assaults" at

---

[1] A review of case C18-1798-RSM reveals that plaintiff was granted leave to proceed *in forma pauperis* in that case, but the case was subsequently dismissed because plaintiff failed to state any claim upon which relief could be granted. *See* C18-1798-RSM, Dkts. 5, 9, 14.

REPORT AND RECOMMENDATION
PAGE - 2

WSH, a physical strike by a WSH staff member, denial of law library access at WSH, placement in the hospital ward upon his return to the King County Jail from WSH, denial of his right to trial and to present exculpatory evidence, denial of his right to receive a fair trial, and denial of his right to release pending trial.  (*See* Dkts. 5, 7, 9.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. A review of Plaintiff's litigation activities in this Court reveals that plaintiff has filed 18 prior actions in this Court and that he has accumulated at least four "strikes" under § 1915(g) over the years. *See Lewis v. United States Surgeon General*, C19-878-MJP (W.D. Wash., dismissed July, 9, 2019); *Lewis v. King County Department of Risk Management Division*, C18-1798-RSM (W.D. Wash., dismissed Feb. 22, 2019); *Lewis v. King County*, C09-1039-RSL (W.D. Wash., dismissed Feb. 8, 2010); *Lewis v. King County*, C01-1246-JCC (W.D. Wash., dismissed Jan. 23, 2002).

Plaintiff brought two additional actions in which he was denied leave to proceed *in forma pauperis* based on the three strikes rule of 28 U.S.C. § 1915(g).  *See Lewis v. King County*, C19-797-JCC (W.D. Wash., dismissed July 12, 2019); *Lewis v. Vail*, C10-267-RSL (W.D. Wash., dismissed May 11, 2010).

Because plaintiff has accumulated over three strikes, he may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time his complaint was filed. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The

imminent danger exception requires a prisoner allege a danger which is "ready to take place or "hanging threateningly over one's head." *Id*. at 1056 (internal citations omitted).

Plaintiff, in his motion for preliminary injunction and appointment of counsel, asserts that he is in imminent danger because the King County Superior Court judge presiding over his criminal proceedings did not allow him to be released from custody 72 hours after his arrest even though formal charges had not been filed against him, and because she has denied him a speedy trial causing him to suffer from Post-Traumatic Stress Disorder. (Dkt. 1-3 at 1.) Plaintiff also claims that he is experiencing "psychological, astral rape" and indecent exposure because of the lack of a shower curtain at the King County Jail. (*See id*.)

Plaintiff fails to make a credible showing that he was under imminent danger of serious physical injury at the time he filed his complaint in this action and, thus, he has not satisfied the exception to the § 1915(g) bar.[2] This Court therefore concludes that plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

Accordingly, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied. This Court further recommends that plaintiff be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so. Finally, this Court recommends that all of the motions currently on file in this action be denied as moot. A proposed order accompanies this

---

[2] The Court also notes that plaintiff's allegations regarding injuries suffered in his ongoing criminal proceedings are not properly before the Court in this civil rights action, as the federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's complaint does not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court criminal proceedings.

REPORT AND RECOMMENDATION
PAGE - 4

Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 18, 2019**.

DATED this 20th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge